JUDGE CROTTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

                v.

CRISTIAN DE COLLI

                Defendant.
_____

08 CIV 4520

Civil Action No._____

**EMERGENCY APPLICATION FOR AN *EX PARTE* TEMPORARY RESTRAINING
ORDER FREEZING ASSETS AND GRANTING OTHER RELIEF,
AND FOR AN ORDER TO SHOW CAUSE WHY
A PRELIMINARY INJUNCTION SHOULD NOT BE ISSUED**

      Plaintiff United States Securities and Exchange Commission (the "Commission"), moves for entry of an Order, in the form attached hereto:

      (i) freezing assets of Defendant Cristian De Colli including an account at E*Trade Securities, LLC account number 70611161 in the name of Defendant Cristian De Colli;

      (ii) preventing document alteration or destruction;

      (iii) expediting discovery in this action;

      (iv) requiring Defendant Cristian De Colli to show cause why the Court should not issue a Preliminary Injunction and impose other relief against him.

In support of this application, the Commission has filed the Declaration of Laurita Finch, with supporting exhibits; a Memorandum of Points and Authorities; and a proposed Temporary Restraining Order.

Dated: Washington, D.C.
       May 14, 2008

Respectfully submitted,

*/s/ Richard E. Simpson*
A. David Williams (Pro Hac Vice)
Richard E. Simpson (RS-5859)
Antonia Chion
Daniel Chaudoin
Noel A. Gittens
E. Laurita Finch
Kevin Guerrero

Attorneys for Plaintiff
Securities and Exchange Commission
Division of Enforcement
100 F Street, N.E.
Washington, D.C. 20549-4010
Telephone: (202) 551-4548 (Williams)
Facsimile:  (202) 772-9246 (Williams)
williamsdav@sec.gov

# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE
COMMISSION,

            Plaintiff,

            v.

CRISTIAN DE COLLI

            Defendant.

Civil Action No._____

---

**TEMPORARY RESTRAINING ORDER FREEZING ASSETS
AND GRANTING OTHER RELIEF AND ORDER TO
SHOW CAUSE WHY THE ASSET FREEZE SHOULD NOT CONTINUE**

On the application of Plaintiff Securities and Exchange Commission ("Commission") for an *ex parte* Order: (1) freezing assets, (2) preventing document alteration or destruction; (3) expediting discovery in this action; (4) providing for alternative service; and (5) requiring Defendant Cristian De Colli to show cause why the Court should not issue a Preliminary Injunction and impose other relief against him:

The Court, having considered the Complaint in this action; the Declaration of Laurita Finch, with supporting exhibits; and the Memorandum of Points and Authorities in support of the Motion for Temporary Restraining Order, makes the following findings:

1.    This Court has jurisdiction over the subject matter of this action and over defendant Cristian De Colli.

2.    The Commission has made a sufficient and proper showing in support of the relief granted herein, as required by Section 21(d) of the Securities Exchange Act of 1934 (15 U.S.C. § 78u(d)) by evidence establishing a *prima facie* case and a strong likelihood that the Commission

will prevail at trial on the merits and that the defendant, directly or indirectly, has engaged in and, unless restrained and enjoined by order of this Court, will continue to engage in acts, practices, and courses of business constituting violations of Section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j(b)), and Rule 10b-5 (17 C.F.R. § 240.10b-5).

3.  There is good cause to believe that, unless restrained and enjoined by order of this Court, Defendant Cristian De Colli will dissipate, conceal, or transfer from the jurisdiction of this Court assets which could be subject to an order directing disgorgement or the payment of civil money penalties in this action. It is appropriate for the Court to issue this Temporary Restraining Order *ex parte* so that prompt service on appropriate financial institutions can be made, thus preventing the dissipation of assets.

4.  There is good cause to believe that, unless restrained and enjoined by order of this Court, defendant may alter or destroy documents relevant to this action.

Now, therefore,

## I.

IT IS HEREBY ORDERED that pending the determination of the Commission's Motion for a Preliminary Injunction or hearing on the merits:

A.  Defendant Cristian De Colli and his agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, and each of them, hold and retain within their control, and otherwise prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal whatsoever of any of their funds or other assets or things of value in the United States presently held by them, under their control or over which they exercise actual or apparent investment or other authority, in whatever form such assets may presently exist;

B.      That any financial or brokerage institution or other person or entity located within the territorial jurisdiction of the United States courts and holding any funds or other assets in the name of, for the benefit of, or under the control of Defendant Cristian De Colli, his agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them, and each of them, including an account at E-Trade Securities, LLC, account number 70611161, shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets except as otherwise ordered by this Court. Necessary and reasonable living expenses will be granted to Defendant upon good cause shown by application to the Court with notice to and an opportunity for the Commission to be heard;

## II.

IT IS FURTHER ORDERED that, pending determination of the Commission's Motion for a Preliminary Injunction or hearing on the merits, Defendant Cristian De Colli and his agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, and each of them, are hereby restrained from destroying, mutilating, concealing, altering, or disposing of any document referring or relating in any manner to any transactions described in the Commission's complaint in this action. As used in this order, "document" means the original and all non-identical copies (whether non-identical because of handwritten notation or otherwise) of all written or graphic matter, however produced, and any other tangible record, or electronic data compilation capable of reproduction in tangible form, including, without limitation, correspondence, memoranda, minutes, telephone records, e-mails, reports, studies, telexes, diaries, calendar entries, contracts, letters of agreement, and including any and all existing drafts of all documents.

## III.

IT IS FURTHER ORDERED that the Commission's application for expedited discovery concerning defendant, his assets and activities, is granted and that, commencing with the time and date of this Order, in lieu of the time periods, notice provisions, and other requirements of Rules 26, 30, 33, 34, 36 and 45 of the Federal Rules of Civil Procedure, and Rule 30.1A of the Local Rules of this Court, discovery shall proceed as follows:

A.  Pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, the Commission may take depositions upon oral examination on two days notice of any such deposition. Depositions may be taken Monday through Saturday. As to Defendant Cristian De Colli and his agents, servants, employees, brokers and associates, the Commission may depose such witnesses after serving a deposition notice by facsimile, hand or overnight courier upon such individuals, and without serving a subpoena on such witness. Depositions which have not been signed by the witness may be used for purposes of the hearing on plaintiff Commission's application for a preliminary injunction;

B.  Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, the Defendant shall answer the Commission's interrogatories within three days of service of such interrogatories upon defendant;

C.  Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, the Defendant shall produce all documents requested by the Commission within three days of service of such request, with production of the documents made to Kevin Guerrero, U.S. Securities & Exchange Commission, or such other person or place as counsel for the Commission may direct in writing;

D.  Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, the defendant shall respond to the Commission's requests for admissions within three days of such requests; and

E.     All written responses to the Commission's requests for discovery under the Federal Rules of Civil Procedure shall be delivered by hand or overnight courier to the Commission to the attention of Kevin Guerrero, or such other place and person as counsel for the Commission may direct in writing.

### IV.

SERVICE OF THIS ORDER, the summons and complaint may be made by facsimile, mail, overnight delivery to the home or business address of the Defendant, or personally by any employee of the Commission who is not counsel of record in this matter, or special process server, or any other person, or in any other manner authorized by Rule 5 of the Federal Rules of Civil Procedure and may be made on any registered agent, officer, or director of defendants, or by publication. Discovery requests may be communicated by facsimile, mail, or overnight delivery.

### V.

IT IS HEREBY FURTHER ORDERED THAT Defendant De Colli or his attorneys shall appear before this Court at _____ o'clock, __.m., on the _____ day of _____, 2008, in Room _____ of the United States Courthouse, New York, New York, or as soon thereafter as he can be heard, and in any event prior to the expiration of this Order, to show cause, if any exists, why this Court should no enter a preliminary injunction extending the asset freeze granted in this Order until a final adjudication on the merits may be had. Defendant De Colli shall serve any papers in opposition to such relief by hand delivery or overnight courier service to the Commission's counsel, A. David Williams, Assistant Chief Litigation Counsel, Securities and Exchange Commission, 100 F Street, NE, Mail Stop 4010, Washington, DC, 20549, or via email to williamsdav@sec.gov, no later than three full business days before such hearing. The Commission may serve and file a reply no later than 24 hours before the hearing, and shall serve such reply brief, if any, on Defendant De Colli or his attorneys by facsimile transmission, email, courier service, or other means as the Commission may reasonably

5

determine will give Defendant De Colli or his attorneys prompt delivery of these papers.

**VI.**

IT IS FURTHER ORDERED that the Court shall retain jurisdiction of this matter for all purposes.

Dated this _____ day of May, 2008.

_____
UNITED STATES DISTRICT JUDGE