UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAY 3 0 2008

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

v.

CRISTIAN DE COLLI

        Defendant.

No. 08 Civ 4520 (PAC)

## [PROPOSED] PRELIMINARY INJUNCTION FREEZING ASSETS AND GRANTING OTHER RELIEF AND ORDER TO SHOW CAUSE WHY THE ASSET FREEZE SHOULD NOT CONTINUE

This matter came to be heard on May 29, 2008, upon the Court's Temporary Restraining Order Freezing Assets and Granting Other Relief, issued on May 15, 2008. The May 15, 2008 Order provides:

(1) an Order Freezing Assets;

(2) an Order Preventing Document Alteration or Destruction;

(3) an Order Expediting Discovery in this Action; and

(4) an Order Providing for Alternative Service

This Court has considered the Commission's Complaint in this action, the Declaration of Laurita Finch, with supporting exhibits; and the Memorandum of Points and Authorities in support of the Motion for Temporary Restraining Order, and makes the following findings:

1. This Court has jurisdiction over the subject matter of this action and over defendant Cristian De Colli.

2. Defendant Cristian De Colli had actual notice of the hearing on the preliminary injunction.

3. The Commission has made a sufficient and proper showing in support of the relief granted herein, as required by Section 21(d) of the Securities Exchange Act of 1934 (15 U.S.C. § 78u(d)) by evidence establishing a *prima facie* case and a strong likelihood that the Commission will prevail at trial on the merits and that the defendant, directly or indirectly, has engaged in and, unless restrained and preliminarily enjoined by order of this Court, will continue to engage in acts, practices, and courses of business constituting violations of Section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j(b)), and Rule 10b-5 (17 C.F.R. § 240.10b-5).

4. There is good cause to believe that, unless restrained and preliminarily enjoined by order of this Court, Defendant Cristian De Colli will dissipate, conceal, or transfer from the jurisdiction of this Court assets which could be subject to an order directing disgorgement or the payment of civil money penalties in this action.

5. There is good cause to believe that, unless restrained and preliminarily enjoined by order of this Court, defendant may alter or destroy documents relevant to this action.

Now, therefore,

### I.

IT IS HEREBY ORDERED that:

A. Defendant Cristian De Colli and his agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, and each of them, hold and retain within their control, and otherwise prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal whatsoever of any of their funds or other assets or things of value in

the United States presently held by them, under their control or over which they exercise actual or apparent investment or other authority, in whatever form such assets may presently exist;

      B.    That any financial or brokerage institution or other person or entity located within the territorial jurisdiction of the United States courts and holding any funds or other assets in the name of, for the benefit of, or under the control of Defendant Cristian De Colli, his agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them, and each of them, including an account at E-Trade Securities, LLC, account number 70611161, shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets except as otherwise ordered by this Court. Necessary and reasonable living expenses will be granted to Defendant upon good cause shown by application to the Court with notice to and an opportunity for the Commission to be heard;

## II.

IT IS FURTHER ORDERED that Defendant Cristian De Colli and his agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, and each of them, are hereby restrained from destroying, mutilating, concealing, altering, or disposing of any document referring or relating in any manner to any transactions described in the Commission's complaint in this action. As used in this order, "document" means the original and all non-identical copies (whether non-identical because of handwritten notation or otherwise) of all written or graphic matter, however produced, and any other tangible record, or electronic data compilation capable of reproduction in tangible form, including, without limitation, correspondence, memoranda, minutes, telephone records, e-mails, reports, studies, telexes, diaries, calendar entries, contracts, letters of agreement, and including any and all existing drafts of all documents.

### III.

SERVICE OF THIS ORDER, the summons and complaint may be made by facsimile, mail, overnight delivery to the home or business address of the Defendant, or personally by any employee of the Commission who is not counsel of record in this matter, or special process server, or any other person, or in any other manner authorized by Rule 5 of the Federal Rules of Civil Procedure and may be made on any registered agent, officer, or director of defendants, or by publication. Discovery requests may be communicated by facsimile, mail, or overnight delivery.

### IV.

IT IS FURTHER ORDERED that the Court shall retain jurisdiction of this matter for all purposes.

Dated this 29th day of May, 2008.

/s/ Paul A. Crotty
The Honorable Paul A. Crotty
UNITED STATES DISTRICT JUDGE